3 215
36 356
3 215
44 501

## John B. Doggett, Plaintiff in Error, vs. Marcellus Jordan, Defendant in Error.

The 12th section of the act " to regulate judicial proceedings," gives to a plaintiff the option of proceeding to judgment against one or more defendants served with process, and dismissing as to others not served, or of continuing the cause for the purpose of perfecting service upon such as have not been summoned. A plaintiff cannot, however, take judgment as to one or more who have been served, and an *alias* writ for others not served.

The return by the officer, " Not in the County," does not warrant an abatement or discontinuance as to one or more of several joint defendants. The return required by the statute to authorize this proceeding must be in the words of the law—" Does not *reside* in the County."

Error to Leon County Circuit Court.

Judgment was rendered in the Court below in this case in favor of the defendant in error, at the Spring Term, 1849.

The question upon which it was brought up by writ of error to this Court, is one altogether of pleading and practice, and disconnected from the merits of the case. The nature of the question presented appears in the opinion of the Court.

*Branch,* for plaintiff in error.

*Long & Walker,* for defendant in error.

LANCASTER, J.

This suit was brought by Jordan, the defendant in this Court, against the present plaintiff, John B. Doggett, and one Henry Doggett,

jointly, as defendants below. A summons was regularly issued against both defendants, and was afterwards returned by the Sheriff "Executed by serving a copy hereof on John B. Doggett. Henry Doggett does not reside in the county. April 16th, 1846."

Afterwards, the plaintiff, Jordan, filed his declaration against both defendants, of a plea of trespass on the case on promises, &c. And afterwards, on the 25th day of May, 1846, on motion of the plaintiff, by his attorney, it was ordered that an alias summons issue for Henry Doggett, one of said defendants, returnable to the then next term of the Court. And afterwards the Sheriff, at November Term, 1846, made return on the writ issued in pursuance of the above order of the 25th of May, 1846, in the following words, to wit : " Not in the county." And it appears further on the record in this cause, that at April Term, 1849, judgment was rendered in favor of plaintiff, Jordan, against the defendant, John B. Doggett, for the damages assessed by the jury, and for his costs, &c.

The error assigned is, a departure in the judgment, from the writ and declaration, which renders said judgment reversible. That the writ and declaration being joint against John B. Doggett and Henry Doggett, and the judgment against John B. Doggett alone, there should have been some order or judgment of Court, showing what disposition had been made of said suit as to Henry Doggett.

In this case the declaration discloses a joint cause of action, and was filed, as appears by the record, after the original writ or summons was returned, and after it was shown by that return that Henry Doggett did not reside in the county.

The 12th section of the act to regulate judicial proceedings, of November 12th, 1828, Thomp. Dig., 327, provides, " When an original writ or summons has been sued out against two or more defendants, and returned by the Sheriff or other officer, served upon one or more defendants, and that the other defendants do not reside in said district or county, as the case may be, it shall be lawful for the plaintiff at his option, to proceed to judgment against those upon whom process has been served, or to obtain from the Court time to perfect service, and to order additional originals and copies to be directed to the sheriffs of the counties in which the other defendants reside, to be served and returned as is directed in this act." After filing his declaration on the 25th of May, 1846, the plaintiff, by his attorney,

moved and obtained an order for an alias summons to issue against Henry Doggett, one of the defendants. This, under the legal option, extended to him by the section above recited, he had an undoubted right to move for and obtain. But it is conceived that a sound consideration of said section also includes the idea that by selecting to have an alias, he waived the right to proceed to judgment against the one on whom service had been perfected, for the option given implies—take which course you will, but you cannot pursue both. The return, as to Henry Doggett, was such an one that the plaintiff might have moved under the above recited section to dismiss as to him, and have proceeded to judgment against the other, but in that case he could not have had his alias writ against the other. He pursued the alternative of an alias, upon which the sheriff returned " Not in the county," which is plainly and materially different from " does not reside in the county," which last the law requires, to entitle the plaintiff to dismiss as to one, and take judgment against the other.

We have, moreover, been unable to discover any where in the record any order dismissing the suit as to Henry Doggett. It is laid down in 7 Cranch, 194, in the case of Barton vs. Petit & Bayard, that "the general rule certainly is, that if two or more persons are sued in a joint action, the plaintiff cannot proceed to obtain judgment against one alone, but must wait until the others have been served with process, or until the other defendants have been proceeded against, as far as the law authorizes, for the purpose of forcing an appearance. In England, the plaintiff must proceed to outlaw the defendants who have not been served, before he can proceed against those who appear." In the case in Cranch above referred to, it is stated in the opinion delivered, that a *certiorari* was awarded to the Circuit Court of Virginia, on a suggestion of diminution ; it appeared, by the clerk of that court, that an alias *capias* issued against Thomas Fisher, which was not returned ; but the plaintiff's attorney caused the suit to be abated as to the said Fisher, upon information he had received that said Fisher was no inhabitant of the District of Virginia—the Court say : " Had the marshal returned the writ, and stated this fact, the law would have abated it as to Fisher—in which case, the objection to the subsequent proceedings, as to Barton, would have been removed. But since the plaintiff could not have supported his action originally against one defendant

28

on a joint cause of action, where it appeared by his own showing, or by plea in abatement, after stating a joint cause of action, he ought not to be permitted to abate or discontinue his action against one, unless authorized to do so by the return of the process against that defendant. If he does so, it furnishes good ground for reversing the judgment.

The case of Barton vs. Petit & Bayard, from which we have extracted so copiously, is in almost every particular similar to this ; it varies, however, in this : The plaintiff, from evidence satisfactory to him, by his attorney caused the suit to be abated, for the imputed non-residence of a co-defendant in the District of Virginia ; but the Court said that the fact must appear by the return of the marshal, when the law would have abated it as to him. The return, " not in the county," does not warrant, by the law of Florida, an abatement or discontinuance as to one of two or more joint defendants. But the plaintiff never caused a discontinuance to be entered of record as to Henry Doggett ; it does not appear as to him to be discontinued. If the fact be, that, at the time of the return of the alias summons, Henry Doggett was not a resident of the county, and the plaintiff desired to have a discontinuance as to him, he ought to have satisfied the sheriff of the fact, and procured an amendment of the return—have discontinued as to him, and then he might have proceeded against the other defendants.. This has not been done, and he has taken judgment against J. B. Doggett alone—which is held in the case in 7 Cranch, referred to, to be error. Authorities to the same import might be multiplied, but they are not deemed necessary.

The judgment of the Court below must be reversed, and the cause remanded for further proceedings.

NOTE.—Since the above decision was delivered; I have been shown a decision made by this Court at last term, to which the Court was not referred in the arguments of this case ; but that decision was made on what then appeared to the Court to be a different state of the record. If there was any misunderstanding of the Court in that case as to the record, I cannot say—but by the statement of it, there made, the decision was right. This case shows a different state of record, and I cannot see that the decision ought to be changed.